UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-10657-GAO

RICHARD T. TRZEPACZ,
Plaintiff,

v.

UNITED STATES OF AMERICA,
Defendant.

OPINION AND ORDER
February 3, 2017

O'TOOLE, D.J.

In this action, the plaintiff, Richard T. Trzepacz, brings suit against the United States of America, seeking damages for injuries the plaintiff sustained while on the premises of a branch office of the United States Postal Service ("USPS") in Lexington, Massachusetts. Pending before the Court is the defendant's motion for summary judgment (dkt. no. 21), which the plaintiff has not opposed.

## I. Facts

The following facts are taken from the defendant's statement of material facts, which is deemed admitted as uncontroverted. See LR 56.1.

The plaintiff, who is wheelchair-bound, visited a Lexington branch of the United States Postal Service on September 9, 2011. The plaintiff attempted to enter the post office by way of a handicap ramp and an automatic door. Though the plaintiff had visited the Lexington post office before, this was the first time he had attempted to enter by pushing the button to operate the door. When the door opened outward, rather than inward as the plaintiff expected it to, the plaintiff's wheelchair was knocked backwards and he fell down a set of stone steps.

Though there were no witnesses to these events, a USPS employee, having been informed of the incident, exited the post office, saw the plaintiff on the ground at the bottom of the steps, and approached him.[1] The employee noted that a wheel had fallen off the plaintiff's wheelchair.

The plaintiff was removed from the scene by ambulance, having sustained injuries to his head, neck, back, and left arm.[2] Following the incident, the plaintiff sought medical treatment and repairs to his wheelchair. In several of those instances, he reported that the accident was the result of a wheel falling off his wheelchair.

**II.     Discussion**

An unopposed motion for summary judgment is not automatically granted. It is well-settled that the court must determine whether the moving party has met its burden to demonstrate undisputed facts entitling it to summary judgment as a matter of law. See NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 7–8 (1st Cir. 2002). Although the court must scrutinize an uncontested record in accordance with Federal Rule of Civil Procedure 56, "it has no obligation to ferret out facts that might defeat a motion for summary judgment." United Van Lines, LLC v. Anthony, Civil Action No. 08-CV-11243-RGS, 2010 WL 436456, at *3 (citing Diaz-Fonseca v. Puerto Rico, 451 F.3d 13, 42 (1st Cir. 2006) ("[I]t is plaintiffs' responsibility to direct the court's attention to [evidence in the record supporting their allegations].")). Rather, where the motion is unopposed, the "[m]aterial facts of record set forth . . . by the moving party will be deemed for the purposes of the

---

[1] There is a dispute in the record as to whether a conversation took place on the scene between the USPS employee and the plaintiff. The employee states in an affidavit that he asked the plaintiff what had happened, and the plaintiff responded that he had fallen down the stairs because a wheel had fallen off his wheelchair. The plaintiff disputes this in his deposition, stating, "I know for a fact that I didn't speak with anybody." (See Def's Mem., Ex. A at 20 (dkt. no. 22-1).) The existence of this dispute is immaterial, and I do not consider it further.

[2] The plaintiff also claims injuries to his mouth and teeth. The plaintiff's dental records do not support these claims, however. Again, this dispute of fact is immaterial, and need not be resolved for the purpose of this motion.

motion to be admitted." LR 56.1; see also NEPSK, 283 F.3d at 7–8. "In most cases, a party's failure to oppose summary judgment is fatal to its case." Pérez-Cordero v. Wal-Mart P.R., 440 F.3d 531, 534 (1st Cir. 2006).

The complaint asserts that the defendant was negligent for failing to warn of a dangerous condition, namely that the handicap door to the Lexington post office opened outward, and seeks damages for the injuries he sustained when he fell down a set of steps on the premises. The claim is governed by the Federal Tort Claims Act, which provides that the United States shall be liable in tort "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674.

Because the accident occurred in Massachusetts, Massachusetts substantive law applies. See Goldman v. United States, 790 F.2d 181, 183 (1st Cir. 1986). Pursuant to Massachusetts tort law, a land owner owes a common law duty of reasonable care to those persons who are lawfully on the premises, and has a duty to warn of unreasonable dangers of which the land owner is aware or reasonably should be aware. Dos Santos v. Coleta, 987 N.E.2d 1187, 1192 (Mass. 2013) (citing Davis v. Westwood Grp., 652 N.E.2d 567, 569 (Mass. 1995)). However, there is no duty to protect lawful visitors from risks that would be obvious to a person of average intelligence, nor is there a duty to warn of blatant hazards. Id. (citing O'Sullivan v. Shaw, 726 N.E.2d 951, 954–55 (Mass. 2000)).

Those principles require that the defendant's motion for summary judgment be granted. The post office door operated as it was designed, and that the door opened outward was apparent to any reasonable observer and should have been apparent to the plaintiff. See Sullivan v. Target Corp., Civil Action No. 13-CV-13118-GAO, 2015 WL 4041339, at *5 (D. Mass. July 1, 2015) (finding no liability when "[t]he uncontroverted evidence establishes that the automatic doors

3

functioned as designed"). On the record here, a person of average intelligence could not have failed to notice that the proper operation of the door was that it opened outward. Therefore, I conclude that the defendant did not have a duty to warn that the door to the Lexington post office opened outward and that it did not breach any duty to warn.

The government also argues that the plaintiff's fall was not caused by the post office door, but rather by a wheel falling off the plaintiff's wheelchair. While the record may support such an inference, it is not necessary to reach the causation question here, as the government is entitled to summary judgment based on the failure to warn analysis above.

## III.    Conclusion

For the foregoing reasons, the defendant's motion for summary judgment is GRANTED. The Clerk will enter judgment for the United States and close the case.

It is SO ORDERED.

 /s/ George A. O'Toole, Jr.
United States District Judge